**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

UNITED  STATES OF AMERICA

v.

KENNETH  STARR,

         **Defendant.**

------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/2/11

**MEMORANDUM**
**OPINION AND ORDER**

**10 CR 520 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        Kenneth Starr has been convicted of, and sentenced for, participating

in at least two fraudulent schemes which injured a number of victims, financially

and otherwise.  Two of Starr's victims – Uma Thurman and Jeffrey Berg (the

"Victims") – have submitted restitution claims to this Court (the "Submissions"),

which have been filed under seal.  The New York Post (the "Post") is seeking

access to the Submissions.  The Post has submitted two letters to this Court in

support of its application – one dated April 13, 2011, and the other dated April 28,

2011.  In reply to the letters submitted by the Post, both Victims have made written

submissions opposing the Post's request.  Thurman's counsel submitted a letter

dated April 22, 2011, and Berg's counsel submitted two letters – one dated April

22, 2011, and the second dated April 29, 2011.  For the reasons set forth below, I

decline to unseal the Submissions.

The right of public access to judicial records is not absolute.[1]  While there is clearly a *presumptive* common law and First Amendment right of access to judicial documents, such documents may remain under seal if there are compelling circumstances justifying non-disclosure.[2]  Furthermore, "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know."[3]  An individual's right to privacy is recognized as an exception to the public's rights to access.[4]  In deciding whether the public's interest in access to judicial records outweighs the privacy interests of an individual, the court must engage in a balancing of the interests of all parties.[5]

---

[1]       *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 9 (1986).

[2]       *See Lugosch v. Pyramid Co. Of Onondaga*, 435 F.3d 110, 121, 124 (2d Cir. 2006).

[3]       *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983).

[4]       *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (citing *Gardner v. Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1987)).

[5]       *See id.* at 1050 ("Once the weight of the presumption [of access] is determined, a court must balance competing considerations against it.").

The Mandatory Victims Restitution Act of 1996 provides restitution to victims of crime.[6] The Crime Victims' Rights Act of 2004 provides crime victims a statutory right to privacy.[7] Thus, the right to restitution and the right to privacy should complement one another – rather than work at cross purposes. Moreover, presentence reports are generally not disclosed to the public as they "'are not public records but rather confidential reports to the trial judge for use in [her] effort to arrive at a fair sentence.'"[8] Accordingly, detailed information regarding the defendant's financial circumstances are not publicly disclosed as a matter of course. Nor should the victim's information be disclosed when doing so would invade his or her privacy.

Here, the balance favors protecting the Victims by keeping their Submissions under seal. *First*, while the Submissions were filed with the Court, they were never relied on by the Court in making *any* decision, with regard to

---

[6]    18 U.S.C. § 3664(a) (directing probation officers to include, in the presentence reports they prepare, "a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant")

[7]    *See* 18 U.S.C. § 3771(a)(8) (affording crime victims "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy").

[8]    *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) (quoting *United States v. Charmer Indus., Inc.* 711 F.2d 1164, 1171 (2d Cir. 1983)).

-3-

restitution or otherwise.  The Government and the defendant (Starr) settled the claims for restitution before this Court even reviewed the Submissions.  Thus, these filings were never the basis for any judicial action or decision.[9]  *Second*, the financial information regarding Starr's other victims is not publicly available because it was solicited and obtained by the Probation Department during its preparation of the Presentence Report.[10]  Any differences in the manner and timing of the Submissions should not cause them to be treated any differently than the financial information regarding the other victims.  *Finally*, the fact that both the legislature and the judiciary favor the protection of a victim's financial information, submitted in furtherance of restitution and the imposition of a fair sentence, weighs heavily in favor of shielding this information from public disclosure.[11]

---

[9]      In its submission, the Post argues that the Submissions should be made public because the Court relied on the financial statements of the Victims in determining the appropriate sentence.  *See* 4/28/11 Letter from Theresa House, counsel to the Post, at 2.  Although the Court relied on financial statements that were included in or annexed to the Presentence Report, which is not publicly available, the Court clearly did not rely on the Thurman or Berg Submissions which had not been filed by the time sentence was imposed.

[10]      I do not know why the restitution claims of Thurman and Berg were not submitted in the same manner.

[11]      *See, e.g.,* The Crime Victims' Rights Act, the Mandatory Victims Restitution Act, the Federal Rules of Criminal Procedure (Rules 32(d)(2)(B) and 49.1(d)) and the policies of the Judicial Conference of the United States

In sum, because I find that: (1) keeping the Submissions under seal will preserve the higher values of the Victims' rights to restitution and privacy; and (2) the Sealing Order is narrowly tailored to achieve this aim,[12] the Submissions shall remain under seal. The Post's request seeking disclosure of the Submissions is therefore denied.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            May 2, 2011

(prohibiting public access to presentence reports).

[12]     *See Lugosch*, 435 F.3d at 124.

- Appearances -

**Counsel for the New York Post:**

Theresa M. House, Esq.
Hogan Lovells
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3571

Michael Cameron, Esq.
News America Incorporated
1211 Avenue of the Americas
New York, NY 10036
Tel: (212) 852-7033

**Counsel for Uma Thurman:**

Roberto Finzi, Esq.
Paul, Weiss, Rifkind, Wharton
 & Garrison LLP
1285 Avenue of the americas
New York, NY 10019-6064
Tel: (212) 373-3311

**Counsel for Jeffrey Berg:**

Daniel M. Gitner, Esq.
Lankler Siffert & Wohl LLP
500 Fifth Avenue, 33rd Floor
New York, NY 10110-3398
Tel: (212) 921-8399

**Counsel for the United States:**

Michael Bosworth
William Harrington
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1078/2331

**Counsel for Defendant Kenneth Starr:**

Flora Edwards, Esq.
115 Broadway, Suite 1505
New York, NY 10006
Tel: (212) 785-3344