UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

KENNETH STARR,

              Defendant.

- - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-10-20

PRELIMINARY ORDER OF
FORFEITURE AS TO
SPECIFIC PROPERTY

10 Cr. 520 (SHS)(LAP)

        WHEREAS, on or about June 10, 2010, Kenneth Starr (the "defendant"), was charged in an Indictment, 10 Cr. 520 (SAS)(LAP) (the "Indictment"), with wire fraud, in violation of Title 18, United States Code, Section 1343 (Counts One through Twenty); money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(Count Twenty-One); fraud by an investment advisor, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17(Count Twenty-Two); and securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a)(Count Twenty-Three);

        WHEREAS, the Indictment included forfeiture allegations as to Counts One through Twenty, Twenty-Two and Twenty-Three, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Twenty, Twenty-Two and Twenty-Three of the Indictment;

WHEREAS, the Indictment included an additional forfeiture allegation with respect to Count Twenty-One seeking, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in the offense alleged in Count Twenty-One of the Indictment;

WHEREAS, on or about September 10, 2010, the defendant pled guilty to Counts Nine, Twenty-One and Twenty-Two, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Counts Nine, Twenty-One and Twenty-Two and agreed to forfeit, a sum of $29,112,782.69 in United States currency and certain specific property;

WHEREAS, on or about March 2, 2011, the defendant was sentenced and ordered to a forfeiture money judgment in the amount of $29,11,782.69, representing the amount of proceeds obtained as a result of the charged wire fraud offenses (the "Money Judgment");

WHEREAS, the Government asserts that the following accounts are forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), as property real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Counts Nine, Twenty-One and Twenty-Two:

    a. All funds and other property on deposit at City National Bank, account number 665063070, held in the name of Kenneth I. Starr, and all property traceable thereto;

    b. All funds and other property on deposit at City National Bank, account number 665030571, held in the name of Starr Investment Advisors, LLC, and all property traceable thereto; and

    c. All funds and other property on deposit at City National Bank, account number 665019519, held in the name of Starr & Co., LLC, and all property traceable thereto; and (a. through c., collectively the "Specific Property");

  WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

  NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

  1. As a result of the offenses charged in Counts Nine, Twenty-One and Twenty-Two of the Indictment, to which the defendant pled guilty, all of the defendant's right, title and interest in

the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.  Upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States Treasury Department (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

3.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

4. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

5. Pursuant to 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

6. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

7. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED:

_Loretta A. Preska_
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

January 10, 2020
DATE